SENTENCIA
Los hechos pertinentes de este caso no están en controversia.
La Sra. Teresita Cabrera trabajó del 26 de septiembre de 1998 al 30 de septiembre de 1999 para Zen Spa, Inc. (Zen Spa), una corporación ubicada en San Juan que se dedica a brindar servicios de belleza. La señora Cabrera ocupaba el puesto de “Spa Coordinator”. El 23 de febrero de 2000, la señora Cabrera presentó ante el Tribunal de Primera Instancia de San Juan una querella contra Zen Spa, alegando varias causas de acción, al amparo del procedimiento sumario para reclamaciones laborales de la Ley Núm. 2 de 17 de octubre de 1961 (Ley Núm. 2), 32 L.P.R.A. sees. 3118-3132. En su querella, la señora Cabrera reclamó el pago de la mesada por despido injustificado, se *178 gún dispone la Ley Núm. 80 de 30 de mayo de 1976 (29 L.P.R.A. secs. 185a-185m); vacaciones acumuladas y no liquidadas, conforme a la Ley Núm. 180 de 27 de julio de 1998, conocida como la Ley de Salario Mínimo, Vacaciones y Licencia por Enfermedad de Puerto Rico, 29 L.P.R.A. see. 250i; compensación por horas de trabajo rendidas fuera de la jornada regular a tenor con la Ley Núm. 379 de 15 de mayo de 1948 (29 L.P.R.A. sees. 282-288), y el Bono de Navidad, provisto por la Ley Núm. 148 de 30 de junio de 1969 (29 L.P.R.A. sees. 501-507). Solicitó también una indemnización por los sufrimientos y las angustias mentales causados por el despido y por la cancelación de la póliza grupal de servicios médicos, en violación a la ley federal COBRA (Consolidated Omnibus Budget Reconciliation Act). Por último, sostuvo que Zen Spa incumplió con el contrato de empleo acordado verbalmente entre las partes, al no pagarle un bono anual por objetivo de ventas al final del año de trabajo.
El patrono querellado fue emplazado el mismo día que se presentó la querella. El emplazamiento se notificó personalmente a través de la Sra. Ibis Cintrón, Presidenta de Zen Spa, Inc., en las instalaciones de la corporación en la Avenida Ashford en el Condado. El 8 de marzo de 2000, catorce días después del emplazamiento, la señora Cabrera solicitó al tribunal que dictara sentencia contra su ex patrono, ya que éste no presentó su contestación a la querella dentro del término de diez días dispuesto por la Ley Núm. 2.
En esa misma fecha, Zen Spa presentó una moción jurada, solicitando una prórroga no menor de veinte días para contestar la querella. Sostuvo que, conforme a la Ley Núm. 2, el término aplicable para contestar la querella no era el de diez días, sino el de quince porque la querellante, señora Cabrera, no reside en el mismo distrito judicial en el cual se sitúa la oficina principal de la corporación querellada y en el que se presentó la acción judicial. Alegó que *179 la prórroga se justificaba ante la complejidad de las reclamaciones de la señora Cabrera, que hacían necesaria una extensa investigación en los expedientes de personal. También adelantó que solicitaría que el procedimiento se encauzara por la vía ordinaria. Entre las partes mediaron varios escritos en torno al término aplicable para contestar la querella y si procedía tramitar las reclamaciones por la vía ordinaria.
Así las cosas, el 20 de marzo de 2000 Zen Spa presentó su contestación a la querella. Entre sus alegaciones, negó que se hubiera obligado contractualmente a pagar a la señora Cabrera un bono por objetivo de venta y levantó la defensa de jurisdicción sobre la materia en cuanto a la reclamación al amparo de la ley federal COBRA. También alegó que la señora Cabrera fue despedida por justa causa —por motivaciones económicas y disciplinarias— y que debido a la acumulación de reclamaciones laborales, contractuales, extracontractuales y federales no procedía atender el caso por la vía sumaria de la Ley Núm. 2.
Luego de varios trámites procesales, el tribunal de instancia concedió un término a la querellante para que presentara un proyecto de sentencia y declaró “no ha lugar” la solicitud de prórroga presentada por Zen Spa. Este, a su vez, solicitó una reconsideración. Argüyó que no procedía la anotación de rebeldía, que no fue notificado adecuadamente del plazo que tenía para contestar la querella, que del emplazamiento no se desprendía que se trataba de un procedimiento sumario, que tenía defensas válidas sobre algunas de las reclamaciones laborales incoadas y que se tenía que pasar prueba sobre las sumas no líquidas solicitadas en resarcimiento por el incumplimiento de contrato y por los daños y perjuicios alegados.
El tribunal de instancia concedió un nuevo término a la señora Cabrera para presentar el proyecto de sentencia. Sin embargo, el 25 de mayo de 2000, el tribunal emitió otra resolución mediante al cual dejó sin efecto la orden anterior y levantó la anotación de rebeldía al patrono *180 querellado. Además, decretó la continuación de los procedimientos en forma ordinaria.
Inconforme, la señora Cabrera acudió ante el entonces Tribunal de Circuito de Apelaciones. Cuestionó la conversión del procedimiento en ordinario y que se hubiera dejado sin efecto la anotación de rebeldía. Zen Spa se opuso al recurso de revisión, alegando que la anotación de rebeldía era improcedente porque no se le había emplazado válidamente, ya que la notificación de la querella no le apercibió adecuadamente del término que tenía para contestarla. También argüyó que ante las causas de acción y las circunstancias específicas de las reclamaciones, el procedimiento ordinario era el más adecuado para ventilar la querella.
El tribunal apelativo resolvió el 18 de septiembre de 2000 y revocó al tribunal de instancia. Resolvió que la notificación a Zen Spa se hizo en el mismo distrito judicial en el que se presentó la acción, por lo cual el término para contestar la querella era de diez días. Igualmente, determinó que el emplazamiento fue adecuado, ya que advertía al patrono de la naturaleza sumaria del procedimiento y los efectos de no contestar oportunamente la querella. Por lo tanto, el foro apelativo concluyó que procedía anotar la rebeldía de Zen Spa al ésta presentar tardíamente su moción de prórroga sin justificar adecuadamente su incumplimiento con el plazo estatutario. Resolvió, además, que alguna de las reclamaciones de la señora Cabrera se podría ventilar por la vía ordinaria, por lo cual ordenó al tribunal de instancia celebrar una vista para fragmentar las causas de acción. El tribunal debía entonces dictar sentencia en rebeldía en cuanto a las reclamaciones de clara naturaleza laboral que pudieran disponerse por la vía sumaria, y evaluar la complejidad de las demás reclamaciones para determinar si debían adjudicarse bajo el trámite ordinario.
Por no estar de acuerdo con esta determinación, Zen Spa nos solicita que revoquemos la sentencia del tribunal *181 de apelaciones. Alega nuevamente que la querella no fue notificada adecuadamente, pues inducía a error al patrono en cuanto al término que tenía para contestarla. Arguye también que el tribunal de instancia ejerció su discreción al sustraer todas las reclamaciones del procedimiento sumario y encauzarlas por la vía ordinaria, por lo cual el tribunal apelativo erró al ordenar que se dictara sentencia en rebeldía en cuanto a las reclamaciones laborales. Por último, aduce que la decisión del foro de instancia era interlocutoria y que el tribunal apelativo no tiene jurisdicción para revisar y revocar este tipo de resolución en un procedimiento sumario para reclamaciones laborales.
El 22 de diciembre de 2000 nos negamos a expedir el auto solicitado por Zen Spa y luego declaramos “no ha lugar” la primera moción de reconsideración presentada por éste. Sin embargo, ante la segunda moción de reconsideración, expedimos el auto de certiorari.
Luego de examinar detenidamente el asunto, este Tribunal ha acordado confirmar la sentencia recurrida y modificarla sólo a los efectos de ordenar la celebración de una vista en rebeldía en la que se presente la prueba que sea necesaria para realizar los cálculos pertinentes a los remedios solicitados. Por lo tanto, devolvemos el caso al Tribunal de Primera Instancia para la continuación de los procedimientos.
Así lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo de Puerto Rico. La Jueza Asociada Señora Fiol Matta emitió una opinión concurrente, a la cual se unieron los Jueces Asociados Señores Fuster Berlingeri y Rivera Pérez. El Juez Asociado Señor Rebollo López y la Juez Asociada Señora Rodríguez Rodríguez disintieron sin opinión.
(Fdo.) Aida Ileana Oquendo Graulau

Secretaria del Tribunal Supremo